Figueroa v. Barr

BIA
Mulligan, IJ
A074 843 223

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of December, two thousand nineteen.

PRESENT:
> DENNIS JACOBS,
> SUSAN L. CARNEY,
> MICHAEL H. PARK,
> *Circuit Judges.*

_____

CARLOS H. FIGUEROA,
> *Petitioner,*

v.                                                           17-1100

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        THOMAS E. MOSELEY, Law Offices of Thomas E. Moseley, Newark, NJ.

FOR RESPONDENT:        JONATHAN ROBBINS, Attorney (Joseph H, Hunt, Assistant Attorney General; Anthony P. Nicastro, Assistant Director; D. Nicholas Harling, Trial Attorney, *on the brief*) *for* the Office of Immigration Litigation,

United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Carlos H. Figueroa, a native and citizen of the Dominican Republic, seeks review of a March 21, 2017 decision of the BIA reversing a September 29, 2016 decision of an Immigration Judge ("IJ") granting Figueroa's application for deferral of removal under the Convention Against Torture ("CAT"). *In re Carlos H. Figueroa,* No. A 074 843 223 (B.I.A. Mar. 21, 2017), *aff'g in part and rev'g in part* No. A 074 843 223 (Immig. Ct. N.Y. City Sept. 29, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's decision as modified by the BIA. *See Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). Because Figueroa was ordered removed for an aggravated felony and a controlled substance offense, our jurisdiction is limited to "constitutional claims or questions of law," which we review *de novo*. 8 U.S.C. §§ 1252(a)(2)(C), (D), 1227(a)(2)(A)(iii), (B); *Pierre v.*

2

*Holder*, 588 F.3d 767, 772 (2d Cir. 2009). Figueroa raises a question of law: whether the BIA applied the wrong legal standard in finding clear error in the IJ's factual finding that Figueroa would likely suffer enhanced mistreatment in detention that would amount to torture. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006) (finding legal error arises when decision is "based on a legally erroneous standard").

CAT relief is mandatory if the applicant shows that he would "more likely than not" be tortured if removed. 8 C.F.R. §§ 1208.16(c)(2), 1208.17(a). "Torture is defined as any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted . . . by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." *Id.* § 1208.18(a)(1). Governmental acquiescence occurs when an official, before the torture occurs, is aware of the impending torture and thereafter "breach[es] his or her legal responsibility to intervene to prevent such activity." *Id.* § 1208.18(a)(7). *In Pierre v. Gonzales*, a CAT claim that was based on conditions in Haitian prisons was rejected because harsh prison

conditions do not in themselves constitute torture absent a specific intent by a torturer to inflict severe pain and suffering. 502 F.3d 109, 121 (2d Cir. 2007). We recognized the possibility that "petitioners with certain histories, characteristics, or medical conditions are more likely to be targeted not only with these individual acts [of abuse] but also with particularly harsh conditions of confinement." *Id.* at 122. However, the risk of "severe suffering" based on individual characteristics is relevant to a CAT claim only if that suffering "is motivated by some actor's specific intent." *Id.* at 121-22.

The BIA was entitled to reassess Figueroa's likelihood of torture if the IJ's finding of fact, including its interpretation of Figueroa's evidence, was clearly erroneous. It did not apply the wrong legal standard in finding clear error in the IJ's determination. As the BIA observed, the record is devoid of evidence that the Dominican authorities intentionally maintain harsh prison conditions in order to inflict torture. At most, the evidence shows that mentally ill criminal deportees are at risk of suffering from the mistreatment and violence that is endemic to prisons in the Dominican Republic, and that

4

the government would acquiesce to that harm.  Certified Administrative Record ("CAR") at 487 (Expert Declaration). To the extent the mentally ill are at a *greater* risk of harm, such risk would be attributable to "the inadequacy, incompetence and unaccountability" of the Dominican health system, not an intent to cause such harm.  *Id.* Accordingly, Petitioner has not set forth evidence demonstrating a likelihood that he would suffer harm constituting torture should he be imprisoned in the Dominican Republic.  Therefore, even if his future criminal conduct and imprisonment were assumed, he could not demonstrate eligibility for deferral of removal under CAT.

For the foregoing reasons, the petition for review is DENIED.  All other pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court